UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**JEFFERY GLEN WARD** *et al.*                                              **PLAINTIFFS**

**v.**                                              **CIVIL ACTION NO. 4:21CV-P135-JHM**

**BILL HENSON** *et al.*                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jeffery Glen Ward (hereinafter "Plaintiff") filed a *pro se* 42 U.S.C. § 1983 complaint.[1]   This matter is before the Court upon an initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).   For the reasons that follow, the Court will dismiss some of the claims and allow others to proceed for further development.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff, currently incarcerated at the Eastern Kentucky Correctional Complex, sues the Greenville Police Department (GPD); Officers Bill Henson and Caleb Rolley; Mayor Jan Yonts; Muhlenberg County Judge Executive Curtis McGee; Muhlenberg County; and the State of Kentucky.  He sues each person in their individual and official capacities.

Plaintiff states that on December 7, 2019, he answered a knock at his door and Greenville police officers asked him to step outside.  Plaintiff reports that he complied and that Rolley told him that he was not under arrest but that he had to stay outside while Rolley and Henson searched his apartment.  Plaintiff states, "I told them no, and my mother was verry ill that I had to go back inside if I wasn't under arrest, that they needed to get search warrent, they said I was not under arrest (illegal search and seizure) violated[]."  He continues, "As I was about to shut

---

[1] The complaint also lists J.E., a minor, and Jannetta Kay Ward, as Plaintiffs.  The Court will address their claims below.

the door both officers busted thru the door and knocked me to the floor and shot me with a tazer in the chest violated (cruel and unusual punishment) (assault)." He states that he was handcuffed and taken outside. He asserts, "My mother was crying begging them to leave me alone and let me stay with her that she was verry ill and would die without me (violated) (disregard for human life) they didn't pay attention to her." Plaintiff states that he was taken outside where EMS was on the scene "because they hurt my back and I was bleeding heavily from taser shot in chest." According to the complaint, Rolley went back inside and conducted a search and afterward told Plaintiff that he was under arrest. Plaintiff states, "I tried to explain to him that my mother desperately need a registered nurse to put her on and take her off dialysis" but Rolley and Henson did not call anyone to help her. Plaintiff also states that his minor nephew was present and "was witnessing this and crying, violated cruel and unusual punishment they left him with my mother (abandoning a minor)."

Plaintiff maintains that he called his mother and asked her if anyone had come to help her with dialysis and she said no. He states that a few hours later he was taken to booking and was told that his mother had passed away. Plaintiff asserts that he later talked to his niece who told him that his nephew was traumatized and was with his mother when she passed away.

Plaintiff lists the following claims: illegal search and seizure, cruel and unusual punishment, wrongful death, abandoning a minor, failure to give proper medical assistance, assault by a police officer, and neglect. As relief, he seeks compensatory and punitive damages and injunctive relief in the form of "all parties involved publicy relieved from duty fierd!"

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

2

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.  ANALYSIS

### A. Claims on behalf of J.E. and Jannetta Kay Ward

The complaint lists as Plaintiffs J.E., a minor, and Jannetta Kay Ward, who Plaintiff identifies as his deceased mother.  The Court entered a separate Order this date stating that Plaintiff, as a *pro se* litigant, cannot represent J.E. or Jannetta Kay Ward in this case.  The Court ordered that the claims brought on behalf of J.E. and Jannetta Kay Ward will be dismissed unless an attorney enters an appearance on their behalf within 30 days.  The claims on behalf of J.E. and

Janetta Kay Ward are not properly before the Court. Therefore, the Court conducts an initial review of the claims brought by Jeffery Glen Ward only herein. Should counsel enter an appearance on behalf of J.E. and Jannetta Kay Ward, the Court will address those claims at that time.

**B. Claims brought by Plaintiff**

The Court construes the complaint as alleging claims by Plaintiff for illegal search and seizure, excessive force, and assault by the Defendant officers.

### 1. GPD, City of Greenville, Muhlenberg County, and official-capacity claims

The GPD is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, the City of Greenville is the proper defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). In addition, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against Yonts, Rolley, and Henson are actually brought against their employer, the City of Greenville, and his official-capacity claim against McGee is actually brought against his employer, Muhlenberg County. *Kentucky v. Graham*, 473 U.S. at 165.

When a § 1983 claim is made against a municipality, such as the City of Greenville or Muhlenberg County, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to

the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges no policy or custom on the part of the City of Greenville or Muhlenberg County which caused his alleged harm.  *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").  Therefore, the complaint fails to establish a basis of liability against either municipality and fails to state a cognizable § 1983 claim against them.

Accordingly, Plaintiff's claim against GPD, the City of Greenville, Muhlenberg County, and the official-capacity claims against Yonts, Rolley, Henson, and McGee must be dismissed for failure to state a claim upon which relief may be granted.

### 2. State of Kentucky

A state is a not a "person" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Additionally, the Eleventh Amendment acts as a bar to all

claims for relief against KDOC.  A state may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).  Therefore, the Court will dismiss the claim against the state of Kentucky for failure to state a claim upon which relief may be granted.

### 3. Defendants Yonts and McGee

Plaintiff names Yonts and McGee as Defendants, but the complaint contains no allegations against them.  The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right."  *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).  Where a person is named as a defendant without an allegation of specific conduct, the claim is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).  Because Plaintiff fails to allege any specific actions taken by Yonts or McGee, the claims against them must be dismissed.

Moreover, to the extent Plaintiff seeks to hold Yonts or McGee liable based on their supervisory roles, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability."  *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).  The complaint contains no such allegations against Yonts or McGee.  Accordingly, Plaintiff's individual-capacity claims against Yonts and McGee will be dismissed for failure to state a claim upon which relief may be granted.

### 4. Defendants Rolley and Henson

Upon review, the Court will allow Fourth Amendment claims for illegal search and seizure and excessive force and state-law claims for assault to proceed against Rolley and Henson for compensatory and punitive damages.

However, Plaintiff's demand for injunctive relief in the form of having Defendants fired must be dismissed.  The Court does not have the authority to grant this type of relief under § 1983.  *See, e.g.*, *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *see also Ross v. Reed*, No. 1:13-cv-143, 2013 U.S. Dist. LEXIS 44697, at *5-6 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees.").  Thus, the Court will dismiss Plaintiff's request for injunctive relief for failure to state a claim upon which relief may be granted.

## IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against GPD, the City of Greenville, Muhlenberg County, and the State of Kentucky; his official-capacity claims against all Defendants; his individual-capacity claims against Yonts and McGee; and his claim for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is DIRECTED to terminate** GPD, the City of Greenville, Muhlenberg County, the State of Kentucky, Yonts, and McGee as parties to the action.

The Court will enter a separate Order governing the claims which will proceed. Upon allowing the claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

Date:    December 21, 2021

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:    Plaintiff, *pro se*
       Defendants
       Muhlenberg County Attorney
       Greenville City Attorney
4414.010

8